John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: jdspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>CYNTHIA PACHURA,<br><br>   Debtor. | §<br>§<br>§<br>§  Case No. 17-43263-mxm7<br>§<br>§ |

## TRUSTEE'S APPLICATION TO EMPLOY
## COWPER LAW LLP AS SPECIAL COUNSEL

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX  76102 BEFORE CLOSE OF BUSINESS ON <u>JULY 29, 2019</u>, WHICH IS TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON THE TRUSTEE PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW John Dee Spicer, Chapter 7 Trustee (the "Trustee") in the above styled and numbered case (the "Bankruptcy Case") of Cynthia Pachura (the "Debtor"), and makes this his Application (the "Application") to Employ Cowper Law LLP ("Special Counsel") as Special Counsel to the Trustee, and would respectfully show the bankruptcy court (the "Court") as follows:

1. This Bankruptcy Case was filed as a Chapter 13 case on August 8, 2017 (the "Petition Date"). On February 6, 2019, the case converted to a Chapter 7 case (the "Conversion Date"). The Trustee was appointed as the chapter 7 trustee of the Bankruptcy Case immediately on or after the Conversion Date.

2. The 11 U.S.C. Section 341 Meeting of Creditors was commenced and concluded on April 9, 2019.

3. The Court has jurisdiction over the Bankruptcy Case and this Application pursuant to 28 U.S.C. Sections 157 and 1334. This Application is a core proceeding under 28 U.S.C. Section 157(b)(2). Venue of the Bankruptcy Case is proper under 28 U.S.C. Sections 1408 and 1409. The relief requested is under 11 U.S.C. Sections 522(d). The Trustee consents to the Court entering a final order relating to the Application.

4. This Bankruptcy Case includes non-exempt assets (the "Bankruptcy Estate") to pursue including, but not necessarily limited to, personal injury claims and/or personal injury lawsuit (the "Cause of Action"), relating to personal injury and compensation to which the Debtor (and therefore the Estate) may be entitled. The Trustee requires assistance from Special Counsel to enable the Bankruptcy Estate to pursue the Cause of Action.

5. A Power of Attorney/Representation Agreement to employ Special Counsel (the "Agreement") includes a contingent fee of forty percent (40%), in addition to expenses

incurred, of all claims or recoveries obtained prior to the time suit is filed (See Exhibit "A" – the Agreement). The parties agree that the gross recovery from the Cause of Action will be turned over to the Bankruptcy Estate and that the Trustee will compensate Special Counsel under the terms of the Agreement but subject to further order from the Court.

6. The Trustee has attached the Affidavit of attorney, C. Moze Cowper, as Exhibit "B" hereto in support of the Application. To the best of the Trustee's knowledge, information and belief, Special Counsel represented the Debtor prior to the Conversion Date but does not hold or represent any interest adverse to that of the Debtor or the Bankruptcy Estate with respect to the Cause of Action, is qualified to render such services under 11 U.S.C. Section 327(e), that said attorneys are disinterested persons within the meaning of 11 U.S.C. §101(14), and that Special Counsel is authorized to enter a contingent fee arrangement under 11 U.S.C. Section 328(a).

7. The Trustee has requested the employment of Special Counsel because the attorneys of such firm have as an area of concentration in personal injury litigation, and the Trustee believes that Special Counsel is well qualified to render the foregoing services.

8. Based upon the foregoing, Trustee submits that the employment of Cowper Law LLP as Special Counsel is in the best interest of the Bankruptcy Estate and creditors herein.

WHEREFORE, Applicant prays for authorization to employ Cowper Law LLP as Special Counsel to the Trustee to render the services described above, and for general relief.

Respectfully Submitted,

/s/ John Dee Spicer
John Dee Spicer
State Bar No. 18930500
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7300
Fax: (214) 573-7399
Email: jdspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

# CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the **Trustee's Application to Employ Cowper Law LLP as Special Counsel** was served on July 3, 2019, by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U.S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means and via U.S. First Class Mail on the following parties:

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1699

John Dee Spicer, Trustee
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Street 570
Dallas, TX 75202-4404

Michael Paul Wright
MP Wright Law Group, PLLC
WeWork Victory Plaza
3090 Olive Street
Suite 300
Dallas, TX 75219

Cynthia Carol Pachura
10313 Tammaron Trail
Fort Worth, TX 76140

Americredit Financial Services, Inc.
dba GM Financial
PO Box 183853
Arlington, TX 76096

Tarrant County
Linebarger Goggan Blaire & Sampson, LLP
Melissa L. Palo
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

Attn: Wollemi Acquistions, LLC Department
AIS Portolio Services, LP
Account : XXXX1006
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Americredit Financial Services, Inc.
dba GM Financial
c/o Wilcox Law, PLLC
Stephen G. Wilcox
P.O. Box 201849
Arlington, TX 76006

Conn Appliances, Inc. d/b/a Conn's
HomePlus as servicer-in-fact and
attorney-in-fact for Conn Credit I, LP
c/o Becket & Lee LLP
PO Box 3002
Malvern, PA 19355-0702

                 /s/ John Dee Spicer
                 John Dee Spicer



# Cowper Law LLP

The Cowper Law firm will be referred to as the Law Firm and ~~Cynthia Pachura~~ will be referred to as the Client. Call me should you have any questions regarding this agreement. \* \*

\* JOHN DEE SPICER, CHAPTER 7 TRUSTEE (~~THE "TRUSTEE"~~) FOR CYNTHIA PACHURA,

1. **Legal Services** CASE NO. 17-43263-mxm 7

\* \* CYNTHIA PACHURA SHALL BE REFERRED TO AS PACHURA.

The Law Firm will provide the following legal services, as necessary and appropriate, with respect to the claims described above:

- Investigation of claim(s);
- Determination of responsible parties;
- Preparation and filing of lawsuit (if appropriate);
- Settlement procedures and negotiations;
- Selection and retaining of experts if necessary within discretion of Law Firm;
- Prosecution of claim(s) by arbitration, mediation, or legal action until settlement, award, or judgment is obtained; and
- If judgment is obtained in Client's favor, opposing an opposing party's motion for a new trial (if any).

If, in its sole discretion, the Law Firm at any time decides not to pursue the matter further, Law Firm will notify you immediately. Client understands that this decision may occur after Law Firm's investigation of ~~Client's~~ claim.
PACHURA'S

2. **Additional Legal Services Not Included in This Agreement**

This Agreement encompasses only services required to resolve your case and/or prepare for and proceed with a single litigated trial, if necessary. Additional services that may be necessary or appropriate subsequent to a single litigated trial are not included within the scope of this Agreement. For example, and without limitation, such additional services not included within the scope of this agreement are:

- If the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory to the Client, the client's appeal therefrom to the appellate court;
- If the judgment obtained is in Client's favor and an opposing party appeals from the judgment;
- If a retrial is ordered after a motion for new trial or mistrial, or after reversal of the judgment on appeal;
- In judgment enforcement proceedings; or
- Collection proceedings

www.cowperlaw.com

**Exhibit A**
**Page 1 of 8**



# Cowper Law LLP

If additional legal services beyond a single litigation or trial are necessary in connection with Client's claim(s), and Client requests Law Firm perform such services, such additional services will only be performed pursuant to a separate written agreement between Client and Law Firm setting out such additional services and the additional fees payable in connection thereto. In the absence of such an agreement, and subject to the Law Firm's lien as set forth in paragraph 10 below, Client will have the right to engage other counsel to perform such additional services. Client understands that Law Firm is under no obligation to provide such additional services.

Client understands and agrees that Lawyers have made no promises or guarantees that Lawyers' representation of Client will result in Client achieving the results for which Lawyers have been retained.

3. **Claims Excluded From this Engagement**

This Agreement does not cover other related claims that may [PACHURA'S] arise and may require legal services (for example, workers' compensation claims; disputes with ~~Client's~~ insurance company regarding coverage or amount of loss or reimbursement for benefits paid, including Personal Injury Protection ("PIP") benefits; or disputes with health care providers regarding amount owed or reimbursement for benefits provided). Client understands that the statute of limitations applicable to these claims may have expired before ~~Client~~ ever contacted Law Firm, or that the statute of limitations may expire in the very near future, and that each day Client waits to file suit may be the last day a suit can be filed. [PACHURA]




4. **Legal Fees**

You have agreed to pay the Law Firm a contingent fee. By selecting the contingent fee, you are only obligated to pay Law Firm in the event of a recovery, whether via settlement, judgment or other resolution. The contingency fee shall be calculated as follows:

In the event of recovery by settlement prior to trying a case to verdict, the Client agrees to pay the Law Firm a contingency fee of **40% of the total gross recovery** (gross recovery is the total recovered for all clients named in this Agreement before deduction of all costs and expenses, which are detailed below).



5. **Costs and Expenses**

For contingency cases, Law Firm will advance costs and expenses, and **if there is no recovery and you do not discharge Law Firm, you will not be responsible in any way for costs and**



www.cowperlaw.com

**Exhibit A**
**Page 2 of 8**



# Cowper Law LLP

expenses. In the event of a settlement or judgment in Client's favor, in addition to legal fees, the Law Firm will require that you repay any expenses incurred in your case out of the monies recovered on your behalf and payable to you, after calculation and deduction of Law Firm's fees. These costs and expenses include but are not limited to: court filing fees; process serving fees; witness fees; private investigator fees; photographer/graphic artist fees; fees to experts for reports, reasonable case related travel, consultation and/or appearance at deposition or trial; mail, messenger and other delivery charges; parking and other local travel; transportation, meals, lodging and all other costs of necessary out-of-town travel; long distance telephone charges; photocopying, scanning, and faxing charges; and computerized legal research charges.

Cowper Law LLP utilizes the services of a company called KCC to handle certain paralegal services. The Client further agrees to be charged for KCC's case administration costs which include fact sheet preparation, medical record review and analysis, medical lien reporting, lien negotiation, document collection, data capture, electronic file management and settlement administration charges. Finally, the law firm reserves the right to require that Client pay the costs of trial including expert fees, and attorneys' fees, in the event the defendant's make an offer of settlement that the law firm deems fair, recommends Client accept, and Client demands to proceed to trial.

6. **Common Benefit Case Expenses**

Client understands that Law Firm may be representing several individuals in similar and/or related cases, and may incur common costs necessary to prosecute those claims. Client agrees to pay a pro rata share of the common costs of prosecuting this case. Client shall have the right to an accounting of common costs of this case.

7. **Liens**

All liens such as worker's compensation, medical insurance claims, Medicaid or Medicare, unpaid medical bills, state or federal disability, child support, et cetera, must be paid out of the Client's share of the settlement, verdict, and/or award amount and will be deducted from the net recovery after payment of legal fees and expenses.

- Medicare, Medicaid, and Private Health Insurance

    We understand that current law and regulations regarding Medicare, Medicaid or private health insurance plans (Healthcare Providers) may require all parties involved in this matter (client, law firm, defendant, and any insurance companies) to compromise, settle, or execute a release of Healthcare Providers' separate claim

www.cowperlaw.com



# Cowper Law LLP

for reimbursement/lien for past and future payments prior to distributing an verdict or settlement proceeds. Client agrees that the Law Firm may take all steps in this matter deemed advisable for the handling of this claim, including hiring separate experts/case worker who assist with resolving any Healthcare Providers' reimbursement claims or liens for past and/or future injury-related medical care. The expense for any such service shall be treated as a case expense and deducted from our net recovery and shall not be paid out of Law Firm's contingent fee in this matter.

8. **Statute of Limitations on Client's Claims Against Defendants**

Although Law Firm has agreed to represent Client in connection with Client's claim(s), Client understands that there are strict statute of limitations on Client's claims which are the subject of this Retainer, and that if Client's claims are not filed against Defendants before the statute of limitation expires, Client will be forever prevented from bringing a claim against Defendants. Client understands that Defendants may attempt to dismiss Client's claims based upon those statutes of limitations. Client understands that the statute of limitations in Client's case may have expired before ~~Client~~ PACHURA ever contacted Law Firm, or that the statute of limitations may expire in the very near future.

9. **Client Duties**

In order for Law Firm to effectively advocate Client's interests AND PACHURA HAVE, it is important for Client to understand, and Client agrees that Client ~~has~~ PACHURA an affirmative duty to assist and to cooperate with Law Firm as fully as possible during this engagement. Law Firm will rely on the completeness and accuracy of the information given to it by ~~Client~~ PACHURA when performing services under this Agreement. In addition, ~~Client~~ PACHURA will:

Promptly furnish Law Firm with information relative to the case history and financial and other aspects of the case, as well as other documents in Client's possession or control when required; Be fully candid and truthful regarding all information and documents provided to Law Firm; Be available to work with Law Firm in preparation for depositions and court appearance and to discuss issues as they arise throughout this matter; and Promptly notify Law Firm in the event of a proposed settlement or offer to compromise; and not sign documents without prior review by the Law Firm.

10. **Law Firm's Duties**

www.cowperlaw.com



# Cowper Law LLP

Law Firm agrees to represent Client in connection with those matters within the scope of this Agreement and perform those acts that, in Lawyer's best judgment, will assist Client in achieving the results for which Client has engaged Law Firm. Law Firm will not perform any legal services other than those within the scope of this engagement without first obtaining Client's written authorization, either by way of a signed amendment to this Agreement, or the preparation and execution of a separate Retainer Agreement.

11. **Law Firm's Right to Withdraw as Counsel**

- The Law Firm hereby agrees to investigate your potential case. If, after investigating this matter, the Law Firm, in its sole discretion, determines that your case is not one which the Law Firm wishes to handle for you, the Law Firm reserves the right, upon reasonable written notice to you, to reject your case. If the Law Firm should do so, the Law Firm will make your file available to you and/or an attorney of your choice for further review.

- The Law Firm reserves the right to withdraw from the engagement and from the representation of Client, subject to the ethical restrictions imposed upon Law Firm by the applicable Code of Professional Responsibility. For example, and without limitation, if Client fails to cooperate, including but not limited to failure to perform Client's duties as described above, if Client misrepresents material facts, if Client fails to follow the legal advice of Law Firm (other than with respect to settlement, which is solely for the Client to decide), or if Client requests Law Firm to take any position or action that in Law Firm's good faith opinion requires or permits our withdrawal because of professional duties imposed upon us by the applicable Code of Professional Responsibility, Law Firm may withdraw. If Law Firm seeks to terminate this engagement for any reason, written notice will be given to Client.

12. **Discharge of Law Firm by Client**

- Client has the right to discharge law firm at any time, for any reason. If Law Firm is discharged by Client, Law Firm will receive from Client the reasonable and fair value of the services provided by Law Firm prior to such discharge.

- If Client discharges Law Firm, Client understands that in consideration for the services Law Firm shall have provided up to the time of such discharge Law Firm will be entitled to be reimbursed for all costs and expenses advanced by Law Firm on behalf of Client with respect to Client's claim(s) immediately following such discharge, and to be paid a fee in accordance with this Section 11.

www.cowperlaw.com

**Exhibit A**
**Page 5 of 8**



# Cowper Law LLP

- ~~Client is hereby granting~~ PACHURA HAS GRANTED to Law Firm a lien on any recovery obtained by or on behalf of Client through settlement, judgment, award, or otherwise pursuant to any claim or cause of action that is the subject of the Lawyers' representation under this Agreement. The lien will be for any attorney fees and/or costs and expenses, and interest thereon owed by Client to Lawyers. A lien is a security interest in Client's recovery. The effect of such a lien is that the Lawyers may be able to compel payment of attorney fees, costs, and expenses from any such recovery even if Lawyers have been discharged before the resolution of the dispute. *Lawyers' assertion of a lien might delay Client's receipt of all or part of the proceeds of Client's recovery until any dispute regarding the lien or concerning the amount of Attorney Fees and Expenses owed to Lawyers at the conclusion of the representation is resolved.*

- Client may seek the advice of independent counsel regarding this lien provision. By signing below, Client acknowledges that Client has had a reasonable opportunity to seek advice of independent counsel and that Client has sought such advice or has waived the right to do so, Client understands the effect of this provision, and Client ~~voluntarily consents to~~ ACKNOWLEDGES the lien described herein.

13. **Construction and Modification**

In case any provision contained in this Agreement shall for any reason be held to be invalid, illegal and/or unenforceable in any respect, such invalidity, illegality and/or unenforceability shall not affect the validity and/or enforceability of any other provision or portion thereof, and this Agreement shall be construed as if such invalid, illegal and/or unenforceable provision or portion thereof was never contained herein.

14. **Choice of Law and Venue**

Any dispute which may arise with respect to the Agreement, without limitation, will be resolved pursuant to FEDERAL BANKRUPTCY LAW AND BY THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION ("BANKRUPTCY COURT"). ~~the law of the State of California. The only proper forum for the resolution of any such dispute shall be within the County of Los Angeles, California.~~



15. **Binding Agreement: Client's Acknowledgment of Terms**

This Agreement represents the entire agreement between Client and Law Firm. There are no promises, terms, conditions or obligations other than those contained herein, and the Agreement shall supersede all previous communications, representations, or other agreements, either verbal or written, between Client and Law Firm. No change or waiver of any of the provisions of this Agreement shall be binding on Client or Law Firm unless the change is in writing and

www.cowperlaw.com

**Exhibit A**
**Page 6 of 8**



# Cowper Law LLP

signed by both Client and Law Firm. By signing below, Client acknowledges that this Agreement has been carefully read and reviewed and its contents understood and that Client agrees to be bound by all of its terms and conditions. Client acknowledges that Law Firm has made no representations to Client regarding the outcome of the matter for which Law Firm has been engaged hereunder. *NOTWITHSTANDING THE ABOVE, THIS AGREEMENT, AND THE TERMS SET OUT IN THIS AGREEMENT, ARE SUBJECT TO APPROVAL OF THE BANKRUPTCY COURT.*

16. **Insurance**

Law Firm maintains a policy of insurance for professional errors and omissions.

17. **Document, Property Retention.**

In the ordinary course of its practice, Law Firm does not retain original documents, except as may be expressly required by the California Code of Civil Procedure, Evidence Code or other applicable laws. Original documents which Law Firm is not required to retain, depending on case requirements, may be delivered, filed, recorded, or returned to Client.

In addition, Law Firm may obtain non-original documents which are received from third parties (e.g., opposing counsel, a court or other tribunal, witnesses) relating to this engagement. Law Firm may scan such non-original documents electronically to be maintained on its document management system, then dispose of the paper copy.

Law Firm might also receive or obtain other non-document property relating to this engagement. Law Firm may retain such property for such time as may be required by this engagement and then return or dispose of the property, as appropriate. At the termination of the Engagement, retained documents not maintained electronically, and any retained property shall be delivered to the Client. Electronic copies of Client documents maintained in Law Firm's document management system will be retained for one (1) year. Thereafter, any retained electronic copies of Client documents are subject to removal or destruction, without further notice to Client.

18. **Signature**

This Agreement may be signed in counterpart. Facsimile and electronic signatures shall be effective as original signatures.

Client has read this agreement. The Law Firm has answered all of your questions and fully explained this Agreement to your complete satisfaction.



# Cowper Law LLP

_____  Date: 6-12-2017
Client

**LAW FIRM:**
Cowper Law LLP

_____  Date: 6/12/2017    DATE: 6/17/2019
C. Moze Cowper
Title: Attorney

TRUSTEE:

_____  DATE: 6/5/19
JOHN DEE SPICER, TRUSTEE

www.cowperlaw.com

**Exhibit A**
**Page 8 of 8**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| CYNTHIA PACHURA, | § § § | Case No. 17-43263-mxm7 |
| Debtor. | § § | |

## RULE 2014 STATEMENT OF CONNECTIONS

I, C. Moze Cowper, hereby declare under penalty of perjury the following:

I am an attorney at Cowper Law LLP and seek to be employed as Special Counsel for the Trustee in this case. I have reviewed the foregoing Application and, to the best of my knowledge and belief, the statements and assertions therein are true and correct.

Neither I, nor Cowper Law LLP, have any known connections with the Debtor (other than representing the Debtor in the legal proceeding for which the Trustee desires our employment in the referenced case), the United States Trustee or any person employed in the office of the United States Trustee, and – to the extent heretofore identified in the filings in this case – the creditors, any other party in interest, their respective attorneys or accountants.

Dated this __2__ day of July, 2019.

_____
C. Moze Cowper
Cowper Law LLP

SUBSCRIBED AND SWORN TO before me on this the _____ day of July, 2019, which witness my hand and seal of office.

_____
Notary Public, State of Texas

Rule 2014 Statement of Connections                                                                 Page 1 of 1

**Exhibit B**
**Page 1 of 2**

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On July 2, 2019 before me, Noel E. Garcia, Notary Public
(Here insert name and title of the officer)

personally appeared Christopher Moze Cowper,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Noel E. Garcia_
Notary Public Signature                          (Notary Public Seal)

NOEL E. GARCIA
COMM. #2240271
Notary Public - California
Los Angeles County
My Comm. Expires Apr. 28, 2022

---

**ADDITIONAL OPTIONAL INFORMATION**

DESCRIPTION OF THE ATTACHED DOCUMENT

Rule 2014 Statement of
(Title or description of attached document)
Connections
(Title or description of attached document continued)

Number of Pages 1   Document Date 7/2/2019

CAPACITY CLAIMED BY THE SIGNER
- ☒ Individual(s)
- ☐ Corporate Officer
  _____ (Title)
- ☐ Partner(s)
- ☒ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

**INSTRUCTIONS FOR COMPLETING THIS FORM**
This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

2015 Version www.NotaryClasses.com 800-873-9865

**Exhibit B**
**Page 2 of 2**